IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
3:21CV155-GCM

| | | |
|---|---|---|
| A. GREG SOHMER a/k/a GREG SOHMER d/b/a PLYMOUTH ROCK CAPITAL, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| PETER J. HWANG, | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Verified Complaint or, Alternatively, Motion to Transfer Venue. The Plaintiff has responded and Defendant has filed a Reply. Accordingly, this matter is now ripe for disposition.

The Defendant, Mr. Hwang, entered into an Agreement with the Plaintiff whereby Plaintiff was to provide consulting services in the vetting and financing of a business in New Orleans that Mr. Hwang wanted to purchase. The parties now dispute the Plaintiff's performance under the Agreement. In his Verified Complaint, Plaintiff seeks payment for services allegedly rendered. The Defendant seeks to dismiss this case for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, Defendant seeks to transfer venue of this action to the United States District Court for the Eastern District of Louisiana.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting from *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

1

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Agreement between the parties contains a dispute resolution clause which provides as follows:

> 10.4 <u>Dispute Resolution.</u> In the event of a dispute, controversy or claim arising out of or relating to this Agreement ("Dispute"), the parties to the Dispute shall attempt in good faith to promptly resolve the dispute by negotiation between designated representatives with authority to resolve the dispute. If a resolution cannot be reached by negotiation, **prior to exercising any other remedies available at law or equity (except as provided under paragraph 7.8), the parties to the Dispute shall first attempt in good faith to settle the dispute by mediation**. Any party to the Dispute may demand mediation by written notice to the other parties to the Dispute. Mediation shall be administered by a mediator mutually agreed upon by the parties. In the absence of an agreement upon a mediator, any party to the Dispute may file a petition in the appropriate court in Charlotte, North Carolina for the sole purpose of seeking the designation of a mediator by the court. **If the mediation does not resolve the Dispute, any party may then and only then resort to litigation** or any other remedy available at law or equity subject to the provisions set forth in paragraph 10.3 above (but subject to the right to seek injunctive relief as set forth in Section 7.8 without mediation).

(Doc. No. 1-1, Ex. 3, Agreement ¶ 10.4, p. 16.) (emphasis added). Defendant seeks to dismiss on the grounds that Plaintiff has failed to satisfy a condition precedent to initiating this lawsuit, namely requesting mediation as a first resort.

"[F]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010). "A number of courts have found that when parties to a lawsuit have elected not to be subject to a court's jurisdiction until some condition precedent is satisfied, such as mediation, the appropriate remedy is to dismiss the action." *Id.* (citing to *3-J Hospitality, LLC v. Big Time Design, Inc.*, No. 09-61077-CIV, 2009 WL 3586830, at *3 (S.D. Fla. Oct. 27, 2009) (holding that plaintiff's failure to mediate, which was a condition precedent to litigation, prior to

filing suit required dismissal of the case), *Mortimer v. First Mount Vernon Indus. Ass'n*, No. Civ. 03-1051, 2003 WL 23305155, at *3 (D. Md. May 19, 2003) (same)); *see Hometown Servs., Inc. v. Equitylock Sols., Inc*., No. 1:13-CV-00304-MR-DLH, 2014 WL 4406973, at *2 (W.D.N.C. Sept. 5, 2014).

Plaintiff's failure to pursue mandatory mediation prior to filing a lawsuit, in breach of his contractual duty to do so according to the express language of the Agreement, requires dismissal of this case pursuant to Rule 12(b)(6). The dispute resolution clause contained in the Agreement imposes the mandatory condition precedent that the parties "shall first attempt in good faith to settle the dispute by mediation" prior to "exercising any other remedies available at law or equity" arising out or relating to the Agreement. (Doc. No. 1-1, Ex. 3, Agreement ¶ 10.4, pp. 16-17). "If the mediation does not resolve the Dispute, [a] party *may then and only then resort to litigation*." *Id*. (emphasis added). In this case, nowhere in the Complaint did Plaintiff allege that he sought mediation of the dispute prior to filing a lawsuit. Plaintiff failed to allege that he demanded mediation by "written notice" to Mr. Hwang. Plaintiff failed to allege that he filed a petition in the appropriate court in Charlotte, North Carolina for the "sole purpose of seeking the designation of a mediator by the court" as required by the Agreement's dispute resolution clause.

The Plaintiff does not dispute that he did not attempt to mediate prior to filing this lawsuit, but instead argues that the Defendant has waived his rights under the Dispute Resolution Clause by failing to mediate any disputes *he* had regarding Plaintiff's performance under the Agreement. Defendant's right to invoke mediation has nothing to do with the Plaintiff's obligation to do so. The Defendant has not filed suit or threatened to file suit. The Agreement expressly requires pre-suit mediation and the Plaintiff failed to demand mediation before

commencing this case. Accordingly, this case must be dismissed. *See Hometown Servs.*, 2014 WL 4406973, at *2.

    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is hereby GRANTED and this case is dismissed without prejudice.

Signed: June 23, 2021

Graham C. Mullen
United States District Judge